IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

AUTO-OWNERS INSURANCE     :
COMPANY,     :
    :
       Plaintiff,     :
    :
v.     :     CASE NO.: 7:20-cv-00165 (WLS)
    :
SOUTHERN EQUIPMENT SALES     :
& SERVICE, INC., *et al.*,     :
    :
       Defendants.     :
    :

## ORDER

Before the Court are two Motions for Protective Order filed by Plaintiff Auto-Owners Insurance Company ("Auto-Owners") (Docs. 50 & 51) and an opposition brief and Motion to Extend the Discovery Period to Allow for Deposition of Auto-Owners Insurance Company filed by Defendant Southern Equipment Sales & Service, Inc. ("SES") (Doc. 52). The Court also resolves Auto-Owners' and ZT Motors' newly filed Joint Motion for Extension of Time to File Dispositive Motions (Doc. 55) herein.

**I.    Procedural History**

As background, discovery was initially set to close in this case on November 3, 2021. (Doc. 31.) Because SES's Rule 30(b)(6) deponent was scheduled to begin undergoing cancer treatment, all Parties jointly moved to extend the discovery deadline to February 3, 2022 (Doc. 37), which the Court granted (Doc. 38). After the same deponent was scheduled for additional medical treatment, all Parties filed another joint motion to extend the discovery period to accommodate that deponent and "to also allow time for depositions to take place within the

discovery period and for the contingency of any follow up discovery that might develop as a result of the depositions." (Doc. 39.) The Court granted this joint motion as well, and discovery was set to close on May 2, 2022. (Doc. 40.)

On May 2, 2022, Auto-Owners filed a "Consent Motion to Amend the Scheduling Order" with Defendant ZT Motors of Fort Walton Four, LLC ("ZT Motors") asking for an eleven-day extension of the discovery deadline to complete the deposition of ZT Motors and a corresponding eleven-day extension of the dispositive motion deadline. (Doc. 44.) SES responded the same day stating that it did not object to the consent motion filed by Auto-Owners but that SES wants the extension to apply to all parties such that SES can also depose Auto-Owners within eleven days. (Doc. 45.) On May 3, 2022, the Clerk of Court entered a notice on the docket that SES's response must be filed as a motion, and SES promptly refiled its response as a motion. (Doc. 46.) The same day, as no parties had objected to the time-sensitive motions to conduct depositions, the Court granted Auto-Owners' and SES' motions to extend the discovery deadline to allow for depositions of Auto-Owners and ZT Motors. (Doc. 47.) On May 12, 2022, Auto-Owners filed two motions for protective order. (Docs. 50 & 51.)

The first motion includes a proposed protective order (Doc. 50-1) to protect information that the Parties may deem confidential or proprietary that is consented to by SES and on which ZT Motors takes no position. (*See* Doc. 50-2 at 1.) The second motion challenges SES's late and "unilaterally" noticed date for Auto-Owners' deposition and three topics of inquiry in the deposition notice. (Doc. 51-1.) SES responds that the challenged deposition date is moot because the Parties have agreed to choose an agreeable date, and SES asks that the

discovery and dispositive motion deadlines be extended to allow for a deposition of Auto-Owners. (Doc. 52-1.) SES also asks that the Court deny the remainder of Auto Owner's second motion for a protective order. Id.

Based on the Parties' positions, the Court ordered the Parties to confer about their availability for a deposition date and for Auto-Owners to file a reply brief. (Doc. 53.) Auto-Owners timely replied, *inter alia*, challenging the deposition altogether as a "late discovery effort by SES," but stating that both SES and Auto-Owners agree to an extension of the discovery period to June 30, 2022 to allow for a deposition of Auto-Owners. (Doc. 54.)

## II.    Analysis

### A.  First Motion for Protective Order

As Auto-Owners and SES agree to the proposed Protective Order (Doc. 50-1), and ZT Motors takes no position on it, Auto-Owners' first motion for protective order (Doc. 50) is **GRANTED**. The proposed Protective Order will be entered separately.

### B.  Second Motion for Protective Order

#### 1.  Auto-Owners' Challenge to the Late Noticed Corporate Deposition

As explained earlier in this Order, discovery was last extended until May 2, 2022 "to [] allow time for depositions to take place within the discovery period and for the contingency of any follow up discovery that might develop as a result of the depositions." (Doc. 39.) Thus, any depositions and additional discovery were permissible through that date. (Doc. 40.) On the last day of that discovery period, May 2, 2022, Auto-Owners filed a "consent" motion to extend the discovery period on the basis that the deposition of ZT Motors could not occur

on the scheduled date of April 26, 2022 but could occur in early May. (*See* Docs. 44 & 44-1.)[1] However, this "consent" motion made no mention of SES even though Auto-Owners now states that SES had contacted Auto-Owners on April 26 requesting dates to depose Auto-Owners. (Doc. 54 at 2.) In other words, Auto-Owners was made aware within the discovery period (and more than six weeks ago now) that SES intended to depose Auto-Owners; furthermore, SES immediately responded to Auto-Owners "consent" motion asking for leave to depose Auto-Owners within any extended discovery period. (Doc. 45.) Auto-Owners did not file an objection for the Court's timely consideration, and the following day, the Court granted the extension of time to allow for depositions of Auto-Owners and ZT Motors. (Doc. 47.) The Parties have since conferred and agreed that Auto-Owners' deposition can be conducted by June 30, 2022, which would give Auto-Owners "sufficient time to designate, prepare, and produce its testifying representative(s)." (Doc. 54 at 3.)

In light of the procedural history of this case and the Parties' representations, the Court still finds good cause and no unfair prejudice in extending the discovery period to allow SES to depose Auto-Owners. Thus, Auto-Owners' request that the Court prohibit SES's deposition of Auto-Owners is **DENIED**. For the same reasons, SES's Motion to Amend the Scheduling Order (Doc. 52) and the joint motion from Auto-Owners and ZT Motors to extend the dispositive motion deadline (Doc. 55) are **GRANTED**.

---

[1] Counsel for ZT Motors emailed the Court on May 2, 2022 inquiring whether parties could conduct a deposition beyond the discovery period. They were informed: "If any party wishes to conduct discovery beyond the deadlines in the discovery order, a motion must be filed on the record. If all parties are in agreement, a consent motion may be filed."

### 2.  SES's Inquiry into Auto-Owners' Coverage Decision

Auto-Owners moves to prevent inquiry into how it "reached a coverage decision; and, the manner in which a coverage decision was made" arguing that since no court has issued a decision on the coverage issues, it cannot testify regarding a decision that has not yet occurred, and that inquiry into the manner of such a decision is irrelevant because there is no bad faith claim pending. (Doc. 51-1 at 6.) SES responds that Auto-Owners wrote to SES on October 11, 2019 that there "isn't any coverage on the policy" belying Auto-Owners current argument. (Doc. 52-1 at 3.) Auto-Owners replies that three weeks after the October 11 email, SES was informed that the decision by Auto-Owners was revised via a November 1, 2019 "Revised Coverage Position Letter and Reservations of Rights" ("ROR Letter") and that any inquiry into the October 11 email "is irrelevant and designed merely to harass Auto-Owners." (Doc. 54 at 4.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ. P. 26(b)(1). Although the scope of discovery is broad, "a district court may limit discovery when the burden of compliance outweighs its likely benefit or relevance." *Pinehaven Plantation Props., LLC v. Mountcastle Family LLC*, No. 1:12-cv-62 (WLS), 2013 U.S. Dist. LEXIS 178236, at *3-5 (M.D. Ga. Dec. 19, 2013). It is clear that Auto-Owners made a coverage decision; although that decision was subsequently revised, that does not render irrelevant any inquiry into the manner in which the initial decision was reached. Thus, because this topic appears relevant

and proportional to the needs of the case at this stage, Auto-Owners' motion against this topic of inquiry is **DENIED**.

### 3. SES's Inquiry into Matters Concerning its Counterclaim

It appears this issue is now moot inasmuch as SES responds that it has not noticed a deposition for any topic related to its dismissed counterclaim and Auto-Owners' understanding that SES will not inquire into the allegations of the dismissed counterclaim. (Docs. 52-1 at 3; 54 at 4-5.) Thus, Auto-Owners' challenge to this topic is **DENIED AS MOOT**.

### 4. SES's Inquiry into Auto-Owners' Policy and Communications

It appears this issue is also moot inasmuch as SES responds that it does not intend to inquire into privileged communications or require Auto-Owners to waive any attorney-client or work product privilege, with which Auto-Owners appears satisfied. (Docs. 52-1 at 3-4; 54 at 5.) Thus, Auto-Owners' challenge to this topic is **DENIED AS MOOT**.

<u>**CONCLUSION**</u>

For the foregoing reasons, Auto-Owners' first Motion for a Protective Order (Doc. 50) is **GRANTED**, and Auto-Owners' Motion for a Second Protective Order (Doc. 51) is **DENIED**. SES's Motion to Amend the Scheduling Order (Doc. 52) and Auto-Owners' and ZT Motors' newly filed Joint Motion for Extension of Time to File Dispositive Motions (Doc. 55) are **GRANTED**, and the discovery period will now close on **Thursday, June 30, 2022** for the limited purpose of allowing SES to conduct a Rule 30(b)(6) deposition of Auto-Owners. Dispositive motions and related *Daubert* motions are due by all Parties **no later than Monday, August 1, 2022**. Trial remains tentatively set for the trial term beginning on Monday,

November 7, 2022. All other instructions in the Discovery and Scheduling Order (Doc. 31) remain.

Additionally, the Parties are instructed to act expeditiously and in good faith to meet these extended deadlines. No further extensions will be granted except to prevent manifest injustice upon timely written motion for good cause shown upon grounds not reasonably foreseeable or avoidable by the moving Party or Parties.


**SO ORDERED**, this <u>10th</u> day of June 2022.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**