**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

AUTO-OWNERS INSURANCE   :
COMPANY,   :
  :
    Plaintiff,   :    CASE NO.: 7:20-CV-165(WLS)
  :
v.   :
  :
SOUTHERN EQUIPMENT SALES &   :
SERVICE, INC., & ZT MOTORS OF   :
FORT WALTON FOUR, LLC,   :
  :
    Defendants.   :

---

### ORDER

Presently before the Court is Defendant, Southern Equipment Sales & Service's ("Southern Equipment"), Motion for Reconsideration, which was filed on April 14, 2023. (Doc. 77.) Therein, Southern Equipment requests that this Court reconsider its March 31, 2023, Order (Doc. 74) on the Parties' Cross Motions for Summary Judgment. (Docs. 59 & 61.) For the reasons that follow Southern Equipment's Motion for Reconsideration (Doc. 77) is **DENIED**.

In the United States Court of Appeals for the Eleventh Circuit, relief granted from motions for reconsideration are within the "sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). This Court's Local Rules address motions for reconsideration, providing, in relevant part:

> **7.6 MOTIONS FOR RECONSIDERATION.** Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within fourteen (14) days after entry of the order or judgment.

M.D. Ga. L.R. 7.6.  It is the longstanding practice of this Court to grant a motion for reconsideration only when the movant timely demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered

1

through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997).

In the present case, Southern Equipment requests that this Court reconsider both its denial of Southern Equipment's Motion for Summary Judgment as well as the Court's grant of summary judgment in Auto-Owner's favor. (Doc. 77.) The Court shall address each request in turn.

## I. Southern Equipment's Motion for Reconsideration of this Court's Denial of Summary Judgment in Southern Equipment's Favor is DENIED.

At the summary judgment stage of the proceedings, Southern Equipment contended that summary judgment was appropriate in Southern Equipment's favor, because Auto-Owners was estopped from obtaining the relief demanded in the Amended Complaint, i.e., declaratory judgment that it owes no duty to defend or indemnify Southern Equipment in the underlying lawsuit. (Doc. 61-2 at 2.) In support of this argument Southern Equipment cited *World Harvest Church, Inc. v. GuideOne Mut. Ins. Co.*, 695 S.E.2d 6, 9 (2010.) (Doc. 61-2 at 10.) It was Southern Equipment's position that Auto-Owners was estopped from asserting the defense of noncoverage, because Auto-Owners assumed and conducted the initial defense without a reservation of right. (Doc. 61-2 at 6.)

The Court denied Southern Equipment's Motion for Summary Judgment for two reasons. First, it was unclear to the Court based on the record before it whether Auto-Owners assumed and conducted the initial defense of Southern Equipment in the underlying lawsuit *before* filing a reservation of rights. (Doc. 75 at 9.) Second, because Southern Equipment "did not factually establish that the rule promulgated in *World Harvest Church* applied" (Doc. 75 at 9) and "Georgia courts have held consistently that waiver and estoppel do not apply against coverage defenses." *Sullivan v. Everett Cash Mut. Ins. Co.*, 2019 U.S. Dist. LEXIS 141628 (N.D. GA April 2019). In the present case, Southern Equipment contends that reconsideration is appropriate, because the record establishes that Auto-Owners assumed and conducted the initial defense of Southern Equipment in the underlying lawsuit and therefore the exception outlined in *World Harvest Church* is applicable. (Doc. 77.)

Southern Equipment's Motion for Reconsideration is improper, however, because it introduces new evidence that Southern Equipment did not clearly present to the Court at the

summary judgment stage of the proceedings, specifically exactly when Auto-Owners assumed and conducted the initial defense of Southern Equipment in the underlying lawsuit. (Doc. 77.)

As an initial matter, Southern Equipment misreads why this Court denied Southern Equipment's Motion for Summary Judgment. (Doc. 77.) It is Southern Equipment's position that this Court denied Southern Equipment's motion for summary judgment on the basis that the record did not establish that Auto-Owners had assumed the underlying state court defense. (Doc. 77.) That is not what this Court held, however. (Doc. 75 at 9.) This Court held that summary judgment in Southern Equipment's favor was not appropriate because there was a genuine issue of material fact regarding whether "Auto-Owners assumed and conducted the initial defense of Southern Equipment in the underlying lawsuit before filing a reservation of rights on November 1, 2019." (Doc. 75 at 10.) The Court further reasoned that because Southern Equipment never established that Auto-Owners assumption of the underlying lawsuit was *before* Auto-Owners filed a reservation of rights, the exception enumerated in *World Harvest Church* was not applicable. (Doc. 75 at 9.)

While Southern Equipment now attempts to correct this mistake by informing the Court that Auto-Owners assumed and conducted the initial defense of Southern Equipment in the underlying lawsuit by no later than October 11, 2019, (Doc. 77 at 3) that fact was not clearly presented at the summary judgment stage of proceedings. Therefore, reconsideration on this basis is inappropriate, because as Auto-Owners correctly noted in its Response in Opposition (Doc. 79 at 2) such evidence was available to Southern Equipment prior to this Court's Order, but Southern Equipment "elected to not establish the timing of the defense." Given that evidence of when Auto-Owners assumed the defense in the underlying state court lawsuit is not new and could have been discovered through the exercise of due diligence, Southern Equipment's Motion for Reconsideration on this Court's Order denying Southern Equipment's Motion for Summary Judgment is **DENIED**.

## II. Southern Equipment's Motion for Reconsideration of this Court's Grant of Summary Judgment in Auto-Owners Favor is DENIED.

Southern Equipment also moves for reconsideration of this Court's grant of summary judgment in Auto-Owners' favor. (Doc. 75.) This Court granted Auto-Owners' Motion for Summary Judgment (Doc. 59) because there was no genuine question of material fact that

Southern Equipment had failed to give notice to Auto-Owners of the occurrences, offenses, claims and suits against Southern Equipment in a timely fashion, in violation of the insurance policy's notice provision, and there was nothing in the record that excused the delay. (Doc. 75 at 12.)

Southern Equipment's Motion for Reconsideration, however, does not show that there has been (1) an intervening change in the law; or that (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or that (3) the court made a clear error of law. *McCoy*, 966 F. Supp. at 1222–23. Instead, Southern Equipment merely rephrases its contention that it was not required to comply with the notice provision of the insurance policy, because Auto-Owners should have been aware of the occurrence because of other correspondences with Auto Owners' attorney, Shawn Rayburn. (Doc. 77 at 5.) This rehashing of the issue is insufficient, and therefore Southern Equipment's Motion for Reconsideration (Doc. 77) of this Court's Grant of Summary Judgment in Auto-Owners' favor is **DENIED**.

## <u>CONCLUSION</u>

In conclusion, Southern Equipment's Motion for Reconsideration is **DENIED**. Accordingly, the Court's prior Order (Doc. 74) remains in effect.

**SO ORDERED**, this 9th day of June, 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

4